H. R. STEDDINGS, Respondent, v. R. L. DOBBINS, Appellant.

**Kansas City Court of Appeals, December 21, 1914.**

SALES: Warranty: Disease: Evidence. D. purchased forty-five hogs of S. which were running in the latter's enclosure with others he did not sell. S. warranted the hogs sound, straight and all right. They began to die the next day after D. received them and continued from day to day until all but six died. The day D. purchased the hogs, which was very cold, he saturated them with coal oil which was shown to be dangerous. It was *held* that the court properly admitted evidence that the hogs which S. did not sell, continued sound and did not show signs of disease. It was further *held* that the court properly excluded evidence that three or four months after the sale, two dead hogs were found in a field on S's farm with no showing how they died.

Appeal from Saline Circuit Court.—*Hon. Samuel L. Davis,* Judge.

AFFIRMED.

*C. P. Storts* and *Reynolds & James* for appellant.

*S. B. Burks, Duggins & Duggins* for respondent.

ELLISON, P. J.—Plaintiff sold and delivered to defendant a lot of stock hogs, after defendant had inspected them, for the sum of $364.85, of which price the defendant at the time paid $47.50 by transferring and delivering to plaintiff a certain bull and gave his check for the balance of $317.35, and then notified the bank not to pay it. This action was then instituted for such balance and judgment was rendered therefor in the trial court.

It was alleged in the answer that defendant desired the hogs to run in his feed lot and so informed plaintiff, when the latter expressly warranted them

to be "straight and alright and suitable for that purpose." A breach of such warranty was then pleaded; the specification being that the hogs, when purchased, were infected with the cholera from the effect of which disease they began to die the next day after defendant took them to his farm.

Defendant having inspected the hogs, he alleges he took plaintiff's express warranty that they were sound, that is, straight and all right. Plaintiff denied the warranty and that issue was directly submitted to the jury by appropriate instructions, one given at plaintiff's and the other at defendant's request. We therefore accept as an established fact, that no warranty was made.

The only question left in the case relates to the propriety of the court's rulings in admitting and rejecting evidence offered by the respective parties. The record before us does not show a reply denying the new matter of warranty, disease and death of the hogs, but the parties treated the cause at the trial as though the issues were made up and we will do likewise. Though plaintiff may have made the warranty, he was not liable unless the cause of the death of the hogs was within the warranty and the right therefore existed in either party to investigate the further issue whether they, in fact, died from disease. To show they did not, plaintiff introduced evidence that defendant saturated them with coal oil in hauling them home, the day being exceedingly cold, and that this was sometimes fatal to hogs. He also introduced evidence, over defendant's objection, that they ran in the same lot or enclosure with other hogs belonging to plaintiff and that the latter were sound and free from disease.

The disease, called "hog cholera," is well known to be highly contagious. It is extremely likely that if thirty-nine out of a total of forty-five hogs died within a few days (some of them the next day) after

being separated from another number the fact that none of the latter had it—that they remained sound— is a circumstance which will assist in determining whether the death of the others was from a disease (cholera) taken with them from plaintiff's premises: Council v. Ry. Co., 123 Mo. App. 432.

Defendant suggests that if the evidence just noted was admissible in plaintiff's behalf, his offer to prove that in the following spring a tenant "found dead hogs in a field he had rented," should also have been admitted. But we think not; it was altogether too indefinite and remote, and there was no offer to show, how or of what these hogs died.

The case was a close one on the facts, but as it was properly tried, the parties must abide by the result and the judgment will be affirmed. All concur.